THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES LINNEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| DAHM ENTERPRISES, INC., an Illinois | ) |
| Corporation and BRYAN DAHM, individually, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JAMES LINNEMAN, by and through his attorneys, S.T. LEGAL GROUP, who for his Complaint at Law against the Defendants, DAHM ENTERPRISES, Inc., an Illinois corporation, and BYRAN DAHM, individually, alleges as follows:

### NATURE OF ACTION

1. This lawsuit arises under the Fair Labor Standards Act, the Illinois Minimum Wage Act, the Illinois Wage Payment and Collection Act the Illinois Prevailing Wage Act and breach of contract for the failure to pay overtime wages, earned vacation, certain expenses and contributions.

### JURISDICTION

2. Federal jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* and federal question jurisdiction under 28 U.S.C. § 1331 as well as supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

### VENUE

3. Pursuant to 29 U.S.C. § 1391, venue lies in the Northern District of Illinois in that

Plaintiff is a resident in this District, the Defendants are engaged in business in this District, and a substantial part of the alleged events or omissions giving rise to the claims occurred in this District.

**PARTIES**

4. At all relevant times, the Plaintiff, JAMES LINNEMAN, was a resident of Round Lake, County of Lake, State of Illinois.

5. At all relevant times, the Defendant, DAHM ENTERPRISES, INC., was a corporation organized under the laws of the State of Illinois with its principal place of business in Woodstock, County of McHenry, State of Illinois.

6. Upon information and belief, the Defendant, DAHM ENTERPRISES, INC., engages in, among other things, the transporting of various cargo as well as the transportation of special wastes.

7. Upon information and belief, at all relevant times, the Defendant, BRYAN DAHM, was a resident of Woodstock, County of McHenry, State of Illinois. The Defendant, BRYAN DAHM, is the President of the Defendant, DAHM ENTERPRISES, INC.

8. The Defendant, BRYAN DAHM, is and was involved in the day-to-day business operations of the Defendant, DAHM ENTERPRISES, INC., and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

9. As the president of DAHM ENTERPRISES, INC., the Defendant, BRYAN DAHM, directly benefits and derives financial gain from DAHM ENTERPRISES, INC.'s failure to pay its employees their wages in accordance with the applicable wage laws as described

herein.

## BACKGROUND

10. In or about July 2018 the Plaintiff, JAMES LINNEMAN, agreed to become an employee of the Defendant, DAHM ENTERPRISES, INC., as a truck driver.

11. In exchange for his services as a truck driver, the Plaintiff, JAMES LINNEMAN, was to be compensated at an hourly rate.

12. During the time of his employment, this hourly rate increased from twenty-three ($23.00) per hour to thirty-two dollars ($32.00) per hour.

13. In exchange for his services as a truck driver, the Plaintiff, JAMES LINNEMAN, was to receive his due compensation in pay periods of every other week.

14. As further compensation, beginning in or around 2020, Defendant, DAHM ENTERPRISES, INC., was to make annual contributions to Health Savings Account for the benefit of Plaintiff as further described herein.

15. During the time of his employment with the Defendants, the Plaintiff, JAMES LINNEMAN, was directed to work, and did work, varying hours per workweek, ranging from forty (40) hours to in excess of sixty (60) hours per week.

16. Specifically, between the dates of July 2018 and April 16, 2022 Plaintiff worked over forty (40) hours a week during all pay-periods.

17. Plaintiff, JAMES LINNEMAN, was never paid any overtime pay for any hours he worked over forty (40) per week.

18. Plaintiff's duties while employed by Defendant, DAHM ENTERPRISES, INC., included, among other things, removing, hauling and land applying Class A and B dewatered sludge for certain Municipalities and or other governmental bodies.

19. Plaintiff would haul sludge from varies municipalities and/or local government's facilities in Illinois and Wisconsin to farms in the same state.

20. Upon information and belief, the contracts entered into by Defendant, DAHM ENTERPRISES, INC., with the various municipalities included language requiring that not less than the prevailing rate of wages as determined by the Department of Labor or determined by the court on review shall be paid to all laborers, workmen and mechanics performing work thereunder.

21. During the course of Plaintiff's employment with Defendant, DAHM ENTERPRISES, INC., Plaintiff was required to use his cell phone to communicate with dispatch and to receive instructions regarding the jobs required on any given workday.

22. On or about April 16, 2022, the Plaintiff, JAMES LINNEMAN, left the Defendants' employ.

23. At the time Plaintiff's employment with Defendant, DAHM ENTERPRISES, INC., concluded, Plaintiff, JAMES LINNEMAN, had two (2) weeks of earned but unused vacation time.

## COUNT I – Violation of the Fair Labor Standards Act

24. The Plaintiff, JAMES LINNEMAN, incorporates and adopts paragraphs 1 through 23 as if set forth herein fully as paragraph 24.

25. At all relevant times, there was in effect the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*.

26. During the course of employment, the Plaintiff, JAMES LINNEMAN, was an "employee" as defined by 29 U.S.C. 203(e).

27. During the course of employment, the Defendants, DAHM ENTERPRISES, INC.

and BRYAN DAHM, were "employers" as that term is defined by 29 U.S.C. 203(d).

28. At all relevant times the Defendants, DAHM ENTERPRISES, INC. and BRYAN DAHM, were an employer or enterprise engaged in commerce or the production of goods for commerce within the definitions of 29 U.S.C. §203(s).

29. Section 207 of the Fair Labor Standards Act (hereinafter "FLSA") provides that:

> Except as otherwise provided in this section,
> no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. § 207.

30. At all times relevant, the Plaintiff, JAMES LINNEMAN, was not exempt from the provisions of the FLSA, including the overtime provisions.

31. At all times relevant, the Defendants directed the Plaintiff to work, and Plaintiff did work, in excess of forty hours in individual workweeks, including but not limited to the workweeks between July 2018 and April 16, 2022.

32. The Plaintiff, JAMES LINNEMAN, was entitled to be paid overtime wages at "time and a half" for all time worked in excess of forty hours in individual workweeks.

33. In violation of the FLSA, the Defendants, DAHM ENTERPRISES, INC. and BRYAN DAHM, committed one or more of the following actions:

    a. Failed to compensate the Plaintiff at his lawful overtime rate of pay for all hours worked in excess of forty hours per week; and

    b. Was otherwise in violation of the FLSA.

34. WHEREFORE, the Plaintiff, JAMES LINNEMAN, prays for judgment against the Defendants, DAHM ENTERPRISES, INC. and BRYAN DAHM, plus his costs of suit, statutory

penalties, and attorney's fees.

## COUNT II - Violation of Illinois Minimum Wage Act

35. The Plaintiff, JAMES LINNEMAN, incorporates and adopts paragraphs 1 through 34 as if set forth herein fully as paragraph 35.

36. At all relevant times, there was in effect the Illinois Minimum Wage Act, 820 ILCS 105/1, *et. seq.*

37. During the course of employment, the Plaintiff, JAMES LINNEMAN, was an "employee" as defined by 820 ILCS 105/3.

38. During the course of employment, the Defendants, DAHM ENTERPRISES, INC. and BRYAN DAHM, were "employers" as that term is defined by 820 ILCS 105/3.

39. Pursuant to Section 4a of IMWA, "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed."

40. At all times relevant, the Plaintiff, JAMES LINNEMAN, was not exempt from the provisions of the Minimum Wage Act, including the overtime provisions.

41. At all times relevant, the Defendants directed the Plaintiff to work, and Plaintiff did work, in excess of forty hours in individual workweeks.

42. The Plaintiff, JAMES LINNEMAN, was entitled to be paid overtime wages at "time and a half" for all time worked in excess of forty hours in individual workweeks.

43. In violation of the IMWA, the Defendants, DAHM ENTERPRISES, INC. and BRYAN DAHM, committed one or more of the following actions:

    a.    Failed to compensate the Plaintiff at his lawful overtime rate of pay for all hours worked in excess of forty hours per

week; and

b.  Was otherwise in violation of the IMWA.

44.  Pursuant to Section 12 of IMWA, if an employee is paid less than the wage he is entitled, he "may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which underpayments remain unpaid."

45.  Defendants' failure and refusal to compensate overtime wages for hours worked in excess of forty hours per week was a willful violation of the IMWA.

WHEREFORE, the Plaintiff, JAMES LINNEMAN, prays for judgment against the Defendants, DAHM ENTERPRISES, INC. and BRYAN DAHM, plus his costs of suit, statutory penalties, and attorney's fees.

**COUNT III – Violation of Illinois Wage Payment And Collection Act**

46.  The Plaintiff, JAMES R. LINNEMAN, realleges and incorporates paragraphs 1 through 46 as if fully set forth herein as paragraph 47.

47.  At all relevant times, there was in effect in the State of Illinois the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et. seq.

48.  During the course of employment, the Plaintiff, JAMES R. LINNEMAN, was an "employee" as defined by 820 ILCS 115/1, et. seq.

49.  During the course of employment, the Defendants, DAHM ENTERPRISES, INC. was an "employer" as that term is defined by 820 ILCS 115/2.

50. Pursuant to Section 5 of the IWPCA, "every employer shall pay the final compensation of separated employees in full at the time of separation or no later than the next scheduled payday."

51. 820 ILCS 115/5 of the IWPCA provides that:

> [u]nless otherwise provided in a collective bargaining agreement, whenever a contract of employment or employment policy provides for paid vacations, and an employee resigns or is terminated without having taken all vacation time earned in accordance with such contract of employment or employment policy, the monetary equivalent of all earned vacation shall be paid to him or her as part of his or her final compensation at his or her final rate of pay and no employment contract or employment policy shall provide for forfeiture of earned vacation time upon separation.

52. Pursuant to Sec. 9.5 (a) of the IWPCA, "[a]n employer shall reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer."

53. Pursuant to Section 14 of the Wage Payment and Collection Act:

> Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover … the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorneys' fees.

54. Pursuant to Section 13 of the IWPCA, "any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation.

55. During employment, the Plaintiff, JAMES LINNEMAN, was provided with vacation time per the following schedule: after six months of employment, one week of earned vacation time was provided; after three years of employment, two weeks of earned vacation time

per year was provided; and after five years of employment, three weeks of earned vacation time was provided per year.

56. At the time of separation, the Plaintiff, JAMES LINNEMAN, had earned but unused vacation time.

57. At the time of separation, the Plaintiff, JAMES LINNEMAN, was not provided compensation for his earned but unused vacation time.

58. Upon information and belief, at all times relevant hereto, the Defendant, BRYAN DAHM, was an officer of Defendant DAHM ENTERPRISES, INC.

59. Upon information and belief, the Defendant, BRYAN DAHM, authorized and directed the compensation of the Plaintiff, JAMES LINNEMAN.

60. In violation of the IWPCA, the Defendant, DAHM ENTERPRISES, INC. and BRYAN DAHM, committed one or more of the following actions:

    a. Failed to pay Plaintiff earned but unused vacation time;

    b. Failed to reimburse Plaintiff for the cost of his cell phone/cell phone service; and

    c. Was otherwise in violation of the IWPCA.

WHEREFORE, the Plaintiff, JAMES LINNEMAN, prays for judgment against the Defendants, DAHM ENTERPRISES, INC. and BRYAN DAHM, plus his costs of suit, statutory penalties, and attorney's fees.

## COUNT IV - Violation of Illinois Prevailing Wage Act

61. The Plaintiff, JAMES LINNEMAN, realleges and incorporates paragraphs 1 through 60 as if fully set forth herein as paragraph 61.

62. At all relevant times, there was in effect in the State of Illinois the Illinois Prevailing Wage Act, 820 ILCS 130/0.01et. seq.

63. The Illinois Prevailing Wage Act provides that:

> [n]ot less than the general prevailing rate of hourly wages for work of a similar character on public works in the locality in which the work is performed, and not less than the general prevailing rate of hourly wages for legal holiday and overtime work, shall be paid to all laborers, workers and mechanics employed by or on behalf of any public body engaged in the construction or demolition of public works. 820 ILCS 130/3

64. During the course of employment, the Plaintiff, JAMES LINNEMAN, was laborer or worker as defined by 820 ILCS 130/0.01, et. seq.

65. Section 11 of the Illinois Prevailing Wage Act (hereinafter "IPWA"), provides, in pertinent part, as follows:

> "Any laborer, worker or mechanic employed by the contractor or by any sub-contractor under him who is paid for his services in a sum less than the stipulated rates for work done under such contract, shall have a right of action for whatever difference there may be between the amount so paid, and the rates provided by the contract together with costs and such reasonable attorney's fees as shall be allowed by the court." 820 ILCS 130/11.

66. Defendant, DAHM ENTERPRISES, INC. failed to pay Plaintiff, JAMES LINNEMAN, the prevailing wage as required by the IPWA for work he performed on certain projects on behalf of Defendant, DAHM ENTERPRISES, INC., and for which Defendant, DAHM ENTERPRISE, INC. contracted with various public bodies in the State of Illinois.

WHEREFORE, the Plaintiff, JAMES LINNEMAN, prays for judgment against the Defendant, DAHM ENTERPRISES, INC. CO., INC., an Illinois Corporation, statutory penalties, costs, attorneys' fees and other relief as this Court deems just.

### COUNT V - Breach of Contract

67. The Plaintiff, JAMES LINNEMAN, realleges and incorporates paragraphs 1 through 66 as if fully set forth herein as paragraph 67.

68. In or about October or November 2020, Defendants DAHM ENTERPRISES, INC. and BRYAN DAHM offered to make yearly contributions into a Health Savings Account ("HSA") for the benefit of the Plaintiff, JAMES LINNEMAN, in consideration of his continued employment with DAHM ENTERPRISES, INC.

69. At that time relevant time, the Plaintiff, JAMES LINNEMAN, accepted the Defendants' verbal offer to make yearly contributions into a HSA for the Plaintiff's benefit.

70. This contribution was to be in the amount of $3,500.00 per year.

71. In violation of the agreement of the parties, the Counter-Defendant, DAHM ENTERPRISES, INC., did not make any HSA contribution on Plaintiff's behalf since December 22, 2020.

72. The Counter-Plaintiff, JAMES LINNEMAN, requested that the payment benefits be made. To date, the Counter-Defendant, DAHM ENTERPRISES, INC., has not made any payments. As such, the Counter-Defendant has materially breached the agreement.

WHEREFORE, the Counter-Plaintiff, JAMES LINNEMAN, prays for judgment against the Defendant, DAHM ENTERPRISES, INC. CO., INC., an Illinois Corporation, plus other relief as this Court deems just.

## JURY DEMAND

A Jury Trial is requested on all claims triable by a jury.

Respectfully Submitted,

_____
Diana C. Servos
Attorney for the Plaintiff

DIANA C. SERVOS (4994471)
S.T. Legal Group
1020 Milwaukee Avenue, Suite 335
Deerfield, Illinois 60015
(847) 654-9200
dservos@stlegalgroup.com